Grtcf.n, J.
delivered tbc opinion of the court.
This is an action by the holder against the maker and endorser of a promissory note. The declaration alleges, that on the 19th day of July, 1842, Pryor Nance executed his promissory note to James Clark for one hundred and sixty-five dollars, payable four months after date, at the office of discount and deposit of the Union Bank, at Knoxville; and that said Clark endorsed his name thereon, and ordered the contents thereof to be paid to the plaintiff, Samuel Bell; and that said Bell endorsed the same, and directed its contents to be paid to the Union Bank of Tennessee; that demand had been made, and due notice of non-payment thereof ,given to the endorsers; that the Union Bank instituted suit against all the parties, and prosecuted the same to judgment, recovering the sum of $172 78 cents, besides cost; and that afterwards the said plaintiff, Samuel Bell; being the last endorser, paid and discharged said judgment, whereby a right of action hath accrued to him, to demand of the defendants the sum so paid by him.
To this declaration the defendants pleaded, that before the plaintiff paid the amount of the judgment in his declaration mentioned, an execution had issued on said judgment, and came to the hands of a deputy sheriff, and was by him levied on the personal property of the said Pryor Nance, of value sufficient to satisfy said execution, which property was taken into the possession of said deputy sheriff.
To these pleas the plaintiff demurred, and his demurrer was sustained by the court.
The cause came on then to be tried before a jury on the general issue; on which trial the court permitted the 'defendants to give the matters of their said pleas in evidence; and charged the jury, that a levy on personal property sufficient to pay the debt, was a satisfaction of the execution, but to *28 have that effect, it devolved on the defendants to show that the property levied on was of value sufficient to discharge the debt, and that fact defendants must make out by clear and satisfactory evidence. The jury found for the plaintiff, and the court refused a new trial; to which the defendants excepted and appealed to this court.
Upon the evidence in this cause (if the issue before the jury were deemed material) there is zio ground for a new trial.
The court left it to the jury to say, whether there had beep a levy on property sufficient to discharge the execution. The jury have responded in the negative, and their verdict was well warranted by the evidence. But the defendants insist, that although they obtained, upon the general issue,- all the benefit of the matter they had specially pleaded, yet that they had a right to plead this, matter specially if they chose, and that his honor erred in sustaining the demurrer.
If it were admitted that the facts, thus in evidence on the general issue, might be specially pleaded, (a question now not necessary to consider,) there certainly would be no ground to reverse the judgment in order to give the defendants the benefits of this evidence upon their special plea, which they have already had upon the trial of the general issue. But there has been in the pleadings and on the trial of this case, an entire misapplication of the doctrine of the case of Young & Whitcombe, 3 Yerg. R., and other cases'of a similar character. Those are cases, where the plaintiff, whose execution has been once levied, attempts to levy the same execution, or an alias, on the same judgment, on the property of other parties. In such case, sureties are discharged, if the property of their principal has been taken in execution to an amount sufficient to satisfy the fi. fa.
But this is a suit by one of the parties to the execution in question, who by the payment thereof, has a right of action *29 against his co-dcfendants, who were preceding parties on the paper upon which the payment had been obtained. The defendant’s pleas have no relevancy to such a case, were frivolous, and ought to have been stricken out. If, after the plaintiff paid and discharged the execution, the sheriff had retained the property of Nance, which he had levied on, he would have been liable to Nance therefor. But no levy, nor any consequence thereof by the Misconduct of the sheriff, could be any defence to the plaintiff’s action, who has paid, as he had a right to do, the amount of the judgment against himself and the other parties. Affirm the judgment.